IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK ENRIQUEZ-LEON,<br><br>                      Petitioner,<br><br>    v.<br><br>MICHAEL L. BENOV,<br><br>                      Respondent. | Case No. 1:14-cv-00471 LJO MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS**<br><br>**[Doc. 14]** |

      Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pending before the Court is Respondent's July 2, 2014, motion to dismiss the petition as moot. (ECF No. 14.) Petitioner did not file a response to the motion.

**I.     BACKGROUND**

      Petitioner, an inmate of the Taft Correctional Institution (TCI), challenges the disallowance of twenty-seven (27) days of good conduct time credit he suffered as a result of a prison disciplinary finding, initially made at TCI on or about March 7, 2014. Petitioner was engaged in prohibited conduct, namely stealing four burritos from the chow hall. (Cruz Decl., Attach. 2.) Petitioner challenges the loss of credit and seeks invalidation of the sanctions. Petitioner raises the following claims in the petition: 1)

1

because the disciplinary hearing officer (DHO) was not an employee of the Federal Bureau of Prisons (BOP) and thus lacked the authority to conduct the disciplinary hearings and make findings resulting in punishment, including disallowance of good time credit, Petitioner suffered a violation of his right to due process of law; and 2) because the DHO was not an employee of the BOP but rather was an employee of a private entity with a financial interest in the disallowance of good time credits, Petitioner's due process right to an independent and impartial decision maker at the disciplinary hearings were violated. (Id. at 1-9.)

Respondent moves for dismissal of the petition as moot because the disciplinary charges were reheard via teleconference on May 28, 2014, by a certified disciplinary hearing officer of the BOP. At the rehearing, the BOP DHO found that Petitioner had committed the prohibited act of possession of something not authorized. Petitioner was sanctioned with a loss of commissary privileges for three months, but not loss of good time credits. (Cruz Decl., Attach. 3, ECF No. 14-1.)

## II. MOOTNESS

Federal courts lack jurisdiction to decide cases that are moot because the courts' constitutional authority extends to only actual cases or controversies. Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70-71, 104 S. Ct. 373, 78 L. Ed. 2d 58 (1983). Article III requires a case or controversy in which a litigant has a personal stake in the outcome of the suit throughout all stages of federal judicial proceedings and has suffered some actual injury that can be redressed by a favorable judicial decision. Id. A petition for writ of habeas corpus becomes moot when it no longer presents a case or controversy under Article III, § 2 of the Constitution. Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003). A petition for writ of habeas corpus is moot where a petitioner's claim for relief cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus. Burnett v. Lampert, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting Spencer v. Kemna, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998)). Mootness is jurisdictional. See, Cole v. Oroville Union High School District, 228 F.3d 1092, 1098-99 (9th Cir. 2000). Thus, a

moot petition must be dismissed because nothing remains before the Court to be remedied. Spencer v. Kemna, 523 U.S. 1, 18, 118 S. Ct. 978, 140 L. Ed. 2d 43.

Here, documentation submitted by Respondent in support of the motion to dismiss demonstrates that the claims initially alleged by Petitioner are no longer in controversy. The charges were reheard by an officer who had the precise qualifications that Petitioner had alleged were required under due process principles and pertinent regulations. It is undisputed that the findings and sanctions that constituted the object of Petitioner's challenges in the petition have now been superseded by the findings and sanctions of the certified BOP DHO. Furthermore, at the new hearing Petitioner did not suffer any loss of good-time credits.

When, because of intervening events, a court cannot give any effectual relief in favor of the petitioner, the proceeding should be dismissed as moot. Calderon v. Moore, 518 U.S. 149, 150, 116 S. Ct. 2066, 135 L. Ed. 2d 453 (1996). In the present case, it appears that the only relief that Petitioner sought was invalidation of the findings and associated sanctions. It has been demonstrated that the rehearing of the incident report by an indisputably qualified DHO has effectuated the relief sought by Petitioner. In addition, as Petitioner's good time credits were restored, Petitioner has not shown that the disciplinary proceeding increased the duration of his confinement. Thus, it is no longer possible for this Court to issue a decision redressing the injury.

In summary, Petitioner has not asserted any factual or legal basis that would preclude a finding of mootness. The Court thus concludes that the matter is moot because the Court may no longer grant any effective relief. See, Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (holding that a habeas claim was moot where a former inmate sought placement in a community treatment center but was subsequently released on parole and no longer sought such a transfer); Kittel v. Thomas, 620 F.3d 949 (9th Cir. 2010) (dismissing as moot a petition seeking early release where the petitioner was released and where there was no live, justiciable question on which the parties disagreed).

Accordingly, it will be recommended that the Court grant the motion to dismiss the petition as moot.

### III. RECOMMENDATIONS

Accordingly, it is RECOMMENDED that:

1) The petition for writ of habeas corpus be DISMISSED as moot; and

2) The Clerk be DIRECTED to close the action.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: August 15, 2014          /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE

4